**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

Appeal of Barrett        }
}
}    Docket No. 199-11-03 Vtec
}
}

Decision and Order on Town's Motion for Summary Judgment

Appellant Elizabeth Barrett appealed from a decision of the Development Review Board (DRB) of the Town of Stowe, denying an appeal filed by Leslie A. Burnham regarding a permit issued to Gerald McDermott. Appellant represents herself; Mr. McDermott did not enter an appearance; Ms. Burnham sent a letter to the Court but did not enter her appearance, and the Town is represented by Jill E. Spinelli, Esq.

The Court's June 11, 2004 decision and order explained that all that is before the Court in the present appeal is the DRB's ruling that the Burnham appeal was filed too late to be considered. The June 11 decision gave Appellant additional time to come forward with an affidavit or offer of proof as to any defects in the posting of the McDermott permit issued on June 26, 2003, to support any argument that the Burnham appeal should have been accepted for filing at the DRB after the expiration of the 15-day appeal period on July 11, 2003. Appellant was unable to come forward with any additional offer of proof or other information on this point. Accordingly, as stated in the June 11, 2003 decision, the Town's Motion for Summary Judgment must be and it hereby is GRANTED, concluding this appeal.

However, Appellant also seems to wish to assert that her own attempt to appeal the Zoning Administrator's July 18, 2003 letter should have been accepted by the DRB. In that letter, the Zoning Administrator outlined his position on various issues that had been raised with him since the start of construction on the house; the letter stated in its final paragraph that it could be appealed by filing a notice of appeal with the DRB within 15 days, which would have expired on August 4, 2003.

On July 31, 2003, Appellant submitted to the Zoning Administrator and the DRB a four-page letter stating the problems with the McDermott project, asking for Mr. McDermott to install his own driveway and asking for the banks to be repaired and plantings replaced on her property. While nothing in the text of her letter claimed to be a notice of appeal to the DRB from the July 18, 2003 letter of the Zoning Administrator, she states that her testimony would show that she presented it to the Zoning Administrator and that he accepted it as her appeal to the DRB of the Zoning Administrator's July 18, 2003 letter.

As we stated in the June 11, 2004 decision and order, if Appellant's July 31, 2003 letter had been accepted by the DRB as an appeal of the Zoning Administrator's July 18, 2003 letter, the DRB could have addressed each of the issues in that letter, and Appellant could have appealed to this

Court from any adverse ruling. On the other hand, if the DRB had failed to act, Appellant could have requested the DRB to accept that letter as an appeal (or to explicitly reject it), and could have then appealed <u>that</u> DRB ruling to this Court. But without an appeal from any ruling of the DRB on Appellant's attempted appeal of the July 31, 2003 Zoning Administrator's letter, the merits of that letter are not before the Court in this appeal.

If Appellant succeeds in obtaining a DRB ruling regarding her attempted appeal of the Zoning Administrator's July 18, 2003 letter, and then wishes to appeal that ruling, we will consider waiving the filing fee for that appeal. Further, as we noted in the June 11, 2004 decision and order, Appellant could have (and could still) request the current Zoning Administrator to take action to enforce the Zoning Regulations and/or to require that the McDermott project be built according to its proposed plan. Such issues are not before the Court until or unless they are first addressed by the Zoning Administrator and come before the DRB, or unless the Town files an enforcement case to enforce the Zoning Regulations or the permit.

Because Appellant is unrepresented and may have further questions regarding this ruling, we will hold a final telephone conference to discuss this order, on July 13, 2004 at 9 a.m., if, by close of business on July 9, 2004, Appellant telephones the Court at 479-4486 to request the conference.

Done at Barre, Vermont, this 6th day of July, 2004.


_____


Merideth Wright

Environmental Judge